EMMA L. ANNETT, complainant-respondent,

*v.*

CALVIN RANDOLPH ANNETT, defendant-appellant.

[Submitted May term, 1948. Decided September 3d, 1948.]

*Mr. J. Frederick Bratt,* for the complainant-respondent.

*Mr. Samuel J. Davidson,* for the defendant-appellant.

The opinion of the court was delivered by

WACHENFELD, J.

Maintenance *pendente lite* at the rate of $25 a week and a counsel fee of $200, including suit money, were allowed the wife and it is contended by the husband on appeal that there was no proof justifying this disposition.

The wife filed her bill for separate maintenance and alleged "defendant has refused and neglected to support her and has abandoned her without justifiable cause, and separated himself from her, and has refused, neglected and still does refuse and neglect to maintain and provide for her." She is 58 years of age and the husband is 75. There were two sons born of the marriage, both emancipated. One son lives with the mother and the other son with the father.

The wife then filed a verified petition charging desertion and asking for an order to show cause why the husband should not forthwith be required to pay a reasonable sum for her support and maintenance and alleged therein that she was destitute of means to support herself and unable to prosecute her instant cause. The allegations in her petition are substantiated by her son Robert, who alleges that he was residing with his mother and father when his father left the home in September, 1942, and took with him some of the furniture and went to live at River Vale. There is another corroborating affidavit by Alvina M. Fletcher which goes merely to the financial income of the husband.

The defendant asserts his wife left him, but admits she has no substantial funds excepting those received from her son Robert, who maintains a home for her.

The application was argued orally before the advisory master. The husband now contends there was no proof of desertion and that the court abused its discretion in awarding fees. The advisory master found the separation of the parties resulted from the defendant's act and also determined the obligation still remained upon the husband to provide for his wife because no conciliatory overtures had been made after the breach, the burden of proving such efforts being made upon the husband.

If the wife resides away from her husband with his consent, the husband's obligation to support her continues. *Barefoot* v. *Barefoot, 83 N. J. Eq. 685.*

The fact that a wife is destitute of means to carry on her suit and to support herself during its pendency is essential and important and will be considered by the court in awarding temporary alimony. *Westerfield* v. *Westerfield, 36 N. J. Eq. 195.*

As to the allowance of counsel fee being an abuse of discretion and unreasonable and excessive, suffice it to say that the answering affidavits by the defendant did not even enlighten the court as to his actual income.

There was ample proof to warrant the disposition made below on an application *pendente lite* and the order appealed from will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, BODINE, DONGES, COLIE, WACHENFELD, EASTWOOD, BURLING, JACOBS, WELLS, FREUND, MCLEAN, SCHETTINO, JJ. 12.

*For reversal*—HEHER, DILL, JJ. 2.